# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-30918
Summary Calendar
_____

KARON METOYER,

                                        Plaintiff-Appellee,

                    versus

HARRY F. CONNICK, SR.; ET AL,

                                        Defendants

IAN ANGEL, MD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3019-N
--------------------
March 29, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Karon Metoyer alleges that Dr. Ian Angel, a state
employee, and other defendants conspired to deprive him of his
constitutional rights under 42 U.S.C. § 1983 by maliciously
prosecuting him and concealing evidence favorable to Metoyer. The
evidence, Dr. Angel's report indicating that a gunshot wound was
inflicted in a manner consistent with an accident or the shooter's
self-defense, was unearthed by Metoyer's lawyers and resulted in
the vacation of Metoyer's 1997 conviction for attempted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

manslaughter, but only after Metoyer had served 22 months in prison. *See* State v. Metoyer, 720 So. 2d 148 (La. Ct. App. 1998). After the other defendants were dismissed, Angel moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that included absolute and qualified immunity. The magistrate judge who heard the case by consent denied Angel's motion as it concerned qualified immunity.

Government officers are protected from suit under the qualified-immunity doctrine when their actions were objectively reasonable "in light of clearly established law" and the information possessed by the officers at the time of their relevant conduct. Anderson v. Creighton, 483 U.S. 635, 641 (1987). It was clearly established at the time of Metoyer's arrest and trial that Metoyer had a constitutional right to obtain exculpatory material in the hands of the "'prosecution team' which includes both investigative and prosecutorial personnel." United States v. Antone, 603 F. 2d 566, 569 (5th Cir. 1979). Metoyer has sufficiently alleged that Angel was an investigating member of the "prosecution team" responsible for disclosing the medical report and that Angel and others acted in concert to conceal the report and prosecute him maliciously. *See* Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc). These allegations, which are assumed to be true for purposes of the Rule 12 motion to dismiss, could result in Angel's liability. Dismissal under Rule 12(b)(6) is premature. The ruling of the magistrate judge is **AFFIRMED**.